IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Demetrius Moore,

        Plaintiff,

vs.                                       Case No. 14-2122-JTM

Teamsters Local 41,

        Defendant.

MEMORANDUM AND ORDER

This is an action by plaintiff Demetrius Moore against his former employer, United Parcel Service and against his union, Teamsters Local 41. Moore settled his claim with UPS (Dkt. 17). Shortly after the settlement, the United States Magistrate Judge issued an Order to Show Cause, on or before February 24, 2015, why the case against Local 41 should be dismissed, given the failure to obtain service against the union. Rather than promptly and separately obtaining service against Local 41, on February 23, 2015, the day before the deadline in the show cause order, Moore sought leave for an extension of time to serve pursuant to FED.R.CIV.PR. 4.

The *only* reason cited for the failure to obtain services is counsel's representation that "I am involved in major litigation involving the *Taylor v. Cristo Rey High School*. Case No:4-

14-cv-00733."[1] (Dkt. 19, at 4). This response is plainly inadequate. The referenced civil action is a relatively uncomplicated civil rights action filed by counsel on August 18, 2014 in the United States District Court for the Western District of Missouri. The Complaint (Dkt. 18) is uncomplicated, and is largely a quotation from plaintiff's first-person narrative of his employment history. The docket shows only four entries. The only pleading otherwise filed by the plaintiff is counsel's request, on December 15, 2014, for more time to obtain service of process.

In short, counsel has done nothing in *Taylor* that justifies the complete inaction in this case. The Response further states that "counsel could present the Court with excuses as to why service" against the union "did not occur within the time prescribed," but he "will not waste the Court's time." (Dkt. 19, at 2). Instead, the Response simply asserts that the existence of the "press of [the *Taylor*] litigation" itself constitutes "'excusable neglect' or a mistake." (Dkt. 19, at 6).

The failure to justify the delay is fatal to plaintiff's request. It is not "wast[ing] the Court's time" to articulate a rationale for the delay — it is plaintiff's *burden* to show grounds for an extension under Rule 4(m). *See Riddle v. Wichita Pub. Sch.*, 04-1400-MBL, 2005 WL 1563444, *4 (D. Kan. 2005).

Rule 4(m) provides that the court "*must* dismiss the action without prejudice" where the defendant fails to obtain timely service. (Emphasis added). This requirement is excused

---

[1] The Response to the Order to Show Cause also cites the Apostle Paul's observation, "That which I strive mightily not to do, is that which I do daily." *Rom.* 7:19 (Dkt. 19, at 1).

2

only if the plaintiff shows "good cause" for the failure. The plaintiff's reliance on the excusable neglect standard of FED.R.CIV.PR. 60(b)(1) is misplaced. "To establish 'good cause under Rule 4(m)],' a plaintiff must make a showing greater than 'excusable neglect.'" *Value Place Franchise Serv. v. Hugh Black-St. Mary Enterp.*, No. 14-1152-DDC, 2015 WL 225790, at *3 (D. Kan. 2015) (citing *Arey v. Progressive Halcyon Ins. Corp.*, No. 05-2553-JWL, 2007 WL 1018798, at *2 (D. Kan. Apr. 3, 2007) (citing *In re Kirkland*, 86 F.3d 172, 174 (10th Cir.1996)).

In evaluating questions under Rule 4(m), the court conducts a two-step inquiry. First, the court determines if the plaintiff has met his burden of showing good cause for an extension. Second, even if the plaintiff fails to show good cause, the court *may* grant an extension under limited circumstances. Relevant factors to this second inquiry include whether the defendant had actual notice of the lawsuit, the danger of prejudice to the defendant, and the applicable statute of limitations. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995); *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F.Supp.2d 1267, 1275 (D.Kan.2011) (citing *Mehus v. Emporia State Univ.*, 295 F.Supp.2d 1258, 1273-74 (D. Kan. 2004). Courts should also consider the length of the delay. *See Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005).

Here, the plaintiff has failed to show good cause for an extension. Generally, "inadvertence of counsel" will not justify relief under Rule 4(m). *See Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992); *Jackson v. Chandler*, 463 Fed.Appx. 511, 513 (6th Cir.2012) ("Clients are held accountable for the acts and omissions of their attorneys, and attorney inadvertence generally does not constitute excusable neglect."). *See also Reese v. University*

*of Rochester*, No. 04-6117T, 2005 WL 1458632, *1 (W.D.N.Y. June 25, 2005) ("Good cause will not be found where, as is the case here, the omission is the product of an attorney's inadvertence, neglect, mistake or misplaced reliance.").

Nor has plaintiff demonstrated a basis for a discretionary extension under the second step of the Rule 4(m) inquiry. First, as discussed above, the supposed rationale for the delay is solely attributable to counsel. Second, the rationale is plainly insufficient. The *Taylor* litigation in Missouri is a shell; almost nothing of importance has happened in the case, beyond the filing of a Complaint which simply repeats verbatim Moore's narrative of his work history, coupled with boilerplate legal language. Moreover, *Taylor* was filed nearly a half year *after* this case. The standard, 120-day period for filing expired well before the Complaint in *Taylor* was even filed.

This leads to another rationale for denial of the Motion to Extend — the truly extraordinary delay involved. Courts addressing motions under Rule 4(m) typically extend the 120-day service period by an additional 30 or sometimes 60 days. The present case commenced with the filing of the Complaint on March 14, 2014. (Dkt. 1). Accordingly, the plaintiff has had nearly a year to obtain proper service.

Finally, the court finds the danger of prejudice to the defendant from that delay of an additional year. Many of the incidents cited in the complaint are alleged to have occurred in the 1990s and 2000s. The continued passage of time works real prejudice to the defendant union in its ability to marshal evidence against such claims.

IT IS ACCORDINGLY ORDERED this 27th day of February, 2015, that the present action is hereby dismissed without prejudice pursuant to Rule 4(m).

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE